# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CHRISTOPHER ROBERTSON v. STEPHEN DOTSON

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9736   Jon K. Blackwood, Judge**

---

**No. W2004-02423-CCA-R3-HC  - Filed May 23, 2005**

---

The Petitioner, Christopher Robertson, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to file a timely notice of appeal document.  This Court finds that justice does not require waiver. Accordingly, the above-captioned appeal is dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ.  joined.

Christopher Robertson, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On July 26, 2000, the Petitioner, Christopher Robertson, was convicted of first degree murder and sentenced to life without the possibility of parole.  *See State v. Christopher Robertson*, No. M2001-00976-CCA-R3-CD, 2002 WL 31188228 (Tenn. Crim. App. at Nashville, Oct. 2, 2002). Petitioner subsequently sought post-conviction relief in March 2003, alleging ineffective assistance

1

of counsel, insufficiencies in the indictment, and insufficient evidence of identification. The post-conviction court relief and this Court affirmed the lower court's denial of relief on April 19, 2005. *See Christopher Robertson v. State*, No. M2004-00556-CCA-R3-PC (Tenn. Crim. App., at Nashville, Apr. 19, 2005).

On July 27, 2004, the Petitioner filed an application for writ of habeas corpus relief in the Hardeman County Circuit Court. As grounds for relief, the Petitioner alleged that (1) he was denied the effective assistance of counsel, (2) the indictment against him is defective, (3) Petitioner was denied counsel at the photogenic identification procedure, and (4) Petitioner was convicted based upon uncorroborated identification and inconsistent statements. The trial court denied relief on July 30, 2004. Petitioner filed a notice of appeal document on September 23, 2004.

The State has filed a motion requesting this Court to affirm the decision of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State asserts that the Petitioner failed to timely file a notice of appeal document, failed to satisfy the formal requirements of section 29-21-107, Tennessee Code Annotated, and failed to state a cognizable claim for post-conviction relief. Petitioner has filed a response to the State's motion , including a motion in which Petitioner seeks permission to supplement the appellate record with omitted items.

A notice of appeal document was filed on September 23, 2004, in the Hardeman County Circuit Court. No motion to excuse the late-filed notice of appeal document was filed with this Court. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the rule. *See Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), *perm. to appeal denied*, (Tenn. May 28, 1996).

Although Petitioner's filing was *pro se*, Rule 4, Tennessee Rules of Appellate Procedure, does not relieve *pro se* appellants from the thirty-day notice requirement. Thus, Petitioner's *pro se* status remains but one factor in deciding whether the interest of justice mandates waiver of the thirty-day notice requirement. In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case.

The Petitioner fails to offer this Court any explanation for the delay in filing the notice of appeal document. It is obvious that the Petitioner's life sentence has not expired. Our review of the issues raised on appeal in consideration with the record as a whole fails to persuade this Court that justice requires this Court to excuse the timely filing of a notice of appeal. In absence of a timely

filed notice of appeal, the above-captioned appeal is dismissed. Accordingly, the Petitioner's motion to supplement the record is rendered moot and is DENIED.


                                        _____

                                          ALAN E. GLENN, JUDGE